UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

REGINALD LEE,                        |
                                     |
   Plaintiff,                        |         No. 5:11-CV-00249-JMH
                                     |
v.                                   |
                                     |      **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,            |         **AND ORDER**
                                     |
   Defendant.                        |

***** ***** ***** *****

Plaintiff Reginald Lee, confined in the Federal Medical Center located in Lexington, Kentucky, ("FMC-Lexington"), has filed a *pro se* Complaint asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  [R. 2].

As Lee has been granted *in forma pauperis status* and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  *Id.; see also*, *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As explained below, Lee's Complaint will be dismissed because under the facts which he has alleged, his statutory remedy lies under another statute, 18 U.S.C. 4126, which preempts the FTCA.

**LEE'S COMPLAINT AND SUBSEQUENT FILINGS**

In his Complaint, Lee alleged that on December 4, 2009, officials at FMC-Lexington ordered him to tear down the walls of one of the units at the prison and remove the debris.  Lee claims that the FMC-Lexington officials, whom he identified as "professionally trained facility, construction, maintenance personnel," failed and/or refused to issue him a safety helmet; failed to properly train him; and denied him necessary safety equipment while working in a hazardous setting.  [R. 2, pp. 5-6].

Lee alleged that as a result of being denied a hard hat and other safety equipment, a cinder block fell on his head, causing a 2-inch abrasion and bleeding which required two sutures, and that he has sustained pain and suffering as a result of the injury.  Lee alleged that the actions, or inactions, of the FMC-Lexington officials constituted negligence under the FTCA and a violation of 18 U.S.C. § 4042, which requires the Bureau of Prisons ("BOP") to provide for the safekeeping, care, and subsistence of all inmates in its custody.  Lee demanded $80,000.00 in damages.

Lee has now submitted a copy of the February 24, 2011, letter from Michelle T. Fuseymore, Regional Counsel of the BOP.  [R. 6-1, p. 2].  Fuseymore denied Lee's FTCA Administrative Claim, explaining that because his injuries arose from a prison job/work related accident, his only recourse is to assert a claim under 18 U.S.C. § 4126(c)(4), the Inmate Accident Compensation Act ("IACA"),

not the FTCA.  *Id*.  Fuseymore informed Lee that he could contact

the staff in the FMC-Lexington Safety Department in order to obtain

information about the procedures for filing an IACA claim.  *Id*.

## DISCUSSION

Lee's FTCA negligence claims are barred and preempted by the

IACA, which provides the exclusive statutory compensation remedy

for BOP prisoners asserting industrial injury claims related to

their UNICOR work.[1]

Lee undeniably alleges injuries arising from his UNICOR

employment at FMC-Lexington.  Although Lee neither referred to, nor

mentioned, the term "UNICOR" in his Complaint, he alleged that he

was working on a construction crew at FMC-Lexington under the

direction of FMC-Lexington officials; that he sustained a

work-related injury while performing construction work on an FMC-

Lexington housing unit; and that his medical problems resulted from

that work assignment at FMC-Lexington.  Further, according to the

September 7, 2011, "Inmate Statement" which Lee submitted in

support of his motion to proceed *in forma pauperis*, Lee has

---

[1]

The BOP has established a work program, known as the FPI, through
which qualified federal inmates are allowed the opportunity to
participate in prison work programs.  28 C.F.R. § 345.10.  Because the
commercial or "trade" name of the FPI is UNICOR, most FPI factories or
shops are commonly referred to as "UNICOR."
    Under the IACA, the FPI is authorized to employ the fund provided
for in § 4126 to pay claims which federal inmates employed "in any
industry, or performing outstanding services in institutional
operations," submit in connection with "injuries suffered in any industry
or in any work activity in connection with the maintenance or operation
of the institution in which the inmates are confined." 28 U.S.C. § 4126.

consistently received income designated as "Payroll-IPP," which denotes income from UNICOR employment.  *See* [R. 7-1, pp. 1-8].

As Fuseymore correctly concluded, the IACA is the exclusive means of recovery for a federal prisoner injured in the performance of an assigned task while confined in a federal penitentiary. *United States  v. Demko*, 385 U.S. 149, 151 (1966); *Fraley v. Department of Justice*, No. 95-5666, 113 F.3d 1234, 1997 WL 225495, (6th Cir. May 1, 1997) (Table).  "*Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (internal quotation omitted).  The United States has not waived sovereign immunity under the FTCA for inmates' work-related injuries.  *Id.*, at 1045-46.

The IACA provides the exclusive remedy through which BOP inmates employed in UNICOR work programs can seek compensation, which means that it preempts Lee's claims under both the FTCA and 18 U.S.C. § 4042, and constitutes the exclusive remedy for his work-related injuries, including any post-injury medical claims.

If Lee wishes to pursue his available IACA remedy, he must submit an FPI Form 43, *Inmate Claim for Compensation on Account of Injury*, to the Institution Safety Manager or Community Corrections Manager for processing no more than 45 days prior to the date of

his release, and no less than 15 days prior to the date of his release. 28 C.F.R. § 301.303(a). According to the "Inmate Locator" feature of the BOP's website, www.bop.gov, Lee's projected release date is May 22, 2016. Lee is so advised of the applicable time-period for submitting an IACA claim in relation to that date.

For the reasons set forth above, Lee has failed to state a claim upon which relief can be granted under the FTCA, as his claims asserted under that statutory scheme are preempted by the provisions of the IACA, 18 U.S.C. § 4126(c)(4).

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) Reginald Lee's Complaint, asserting (a)negligence claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, and (b) constitutional claims under 18 U.S.C. § 4042, [R. 2], is **DISMISSED** with **PREJUDICE**.

(2) The Court will enter a separate Judgment.

This the 29th day of September, 2011.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge