```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| REGINALD LEE, | |
| Plaintiff, | Civil Action No. 5:11-CV-249-JMH |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

** ** ** ** **

Plaintiff Reginald Lee, confined in the Federal Medical Center located in Lexington, Kentucky, ("FMC-Lexington"), has filed a motion, [R. 11], seeking an Order directing FMC-Lexington officials to cease deducting funds from his inmate trust account and remitting them to the Clerk of the Court pursuant to the September 22, 2011, "Payment Order," [R. 8]. For the reasons set forth below, Lee's motion will be denied.

**I.   BACKGROUND**

On August 8, 2011, Lee filed a *pro se* Complaint asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. [R. 2]. On September 9, 2011, Lee filed a motion to proceed *in forma pauperis*. [R. 7].

On September 22, 2011, the Court entered a "Payment Order" granting Lee *in forma pauperis* status, assessing the $350.00 filing fee, assessing an initial partial filing fee ("IPFF") of $30.89, and ordering Lee's custodian to remit future partial payments under

specific conditions set forth in the Payment Order. [R. 8]. On September 29, 2011, the Court entered a Memorandum Opinion and Order, and Judgment, dismissing Lee's FTCA claim for failure to state a claim upon which relief could be granted. [R. 9 & 10].

Lee has now filed a motion: (1) objecting to the past deduction of funds from his inmate trust account at FMC-Lexington, including the assessed $30.89 IPFF, and (2) requesting an Order preventing "Mr. Day" at FMC-Lexington from deducting any further sums from his inmate account and remitting them to the Court pursuant to the Payment Order. *See* Motion, [R. 11].

Lee alleges that on September 27, 2011, the day he received a copy of the Payment Order:

> Plaintiff sent the court a letter stating that he did not want to continue with the law suit and that he was not willing to pay the initial partial filing fee of $30.89 because he could not afford to pay the total $350.00 to the court. (See Attached)
>
> On September 29, 2011 the court sent the Plaintiff a judgment [sic] Order stating that this matter would be stricken from the Court's active docket.

[*Id.*, p. 1].

Lee contends that because he can not afford to have partial payments deducted from his inmate account, and because this proceeding has been stricken from the active docket, he should be relieved of any further financial obligation to pay the assessed $350.00 filing fee. He seeks an Order directing FMC-Lexington officials to cease deducting funds from his inmate account.

## II. DISCUSSION

Lee's motion will be denied. First, the Court has no record of having received, at any time, a letter from Lee in which he objected to the Payment Order. The first notice the Court has received from Lee concerning the filing fee is his current motion, filed on November 18, 2011, [R. 11]. The Clerk of the Court will be instructed to send Lee a copy of the docket sheet, current through the entry of this Order.

Second, even if the Court had received such a letter, it would not constitute grounds for relieving Lee of his obligation to pay the $350.00 filing fee assessed in the Payment Order. By passage of 28 U.S.C. § 1915(e), Congress required inmates to pay the $350.00 filing fee in civil cases regardless of whether they are successful or unsuccessful at any given stage in civil rights cases. Section 1915(b)(2) merely permits prisoners to pay the remainder of filing fees in installments via periodic remittances from their inmate trust accounts when they meet certain financial conditions, as opposed to paying the fee in full at the beginning of the case as most plaintiffs are required to do. The filing fee assessment in prisoner cases is mandatory, not optional.

Section 1915(b) does not relieve a prisoner from paying the $350.00 filing fee if the district court *sua sponte* dismisses his Complaint at the initial screening stage, as was done in Lee's case. If the prisoner has no funds in his inmate account, the jail or prison transmits no monies to the district court, but federal

courts process the Complaint regardless of whether an inmate pays the filing fee in full, pays it in installments, or has no available funds in his inmate account from which installment payments can be made.

Likewise, the fact that this proceeding has been dismissed and stricken from the active docket does not entitle Lee to a refund of any fees collected so far from his inmate account. A motion seeking the return of a filing fee will be denied absent either a fundamental defect in the proceeding or a complete miscarriage of justice inconsistent with the basic demands of fair procedure. *Duncan-El v. United States*, 168 F.3d 489, 1998 WL 791749, *2 (6th Cir. November 6, 1998) (Table); *Bowden v. Latrelle*, No. 07-938, 2008 WL 243954, at *1 (W.D. Mich. January 28, 2008).

Here, the Court thoroughly analyzed Lee's Complaint, determined that he could not prevail under the FTCA, and dismissed the Complaint with prejudice. Thus, because Lee received due process as to his claims, no fundamental defect or miscarriage of justice occurred in this proceeding. Lee is neither relieved of paying further partial filing fees nor is he entitled to a refund of partial filing fees already deducted from his account. His motion seeking the termination of the fee obligation will be denied.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Reginald Lee's motion requesting an Order directing FMC-

Lexington officials to cease deducting funds from his inmate trust account, [R. 11], is **DENIED**; and

(2) The Clerk of the Court shall send Lee a copy of the docket sheet of this proceeding, current through the entry of this Order.

This the 28th day of November, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge