UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

REGINALD LEE,

    Plaintiff,             Civil Action No. 5:11-CV-249-JMH

v.

UNITED STATES OF AMERICA,    **MEMORANDUM OPINION AND ORDER**

    Defendant.

           \*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Reginald Lee, confined in the Federal Medical Center located in Lexington, Kentucky, ("FMC-Lexington"), has filed a motion, [R. 13], seeking reconsideration of the Order entered on November 28, 2011, [R. 12]. That Order explained that FMC-Lexington officials were properly deducting funds from Lee's inmate account and remitting them to the Court pursuant to the "Payment Order" entered on September 22, 2011. As explained below, Lee's motion for reconsideration will be denied.

**DISCUSSION**

In his motion, Lee continues to object to the Payment Order, [R. 8], in which the Court assessed the $350.00 filing fee; assessed an initial partial filing fee ("IPFF") of $30.89, based on the average deposits into Lee's inmate account; and ordered Lee's custodian to deduct funds from Lee's inmate account and remit them to the Clerk of the Court, under specific financial conditions.

Lee contends that he disagreed with the assessment of the filing fee; that he had the option of instructing FMC-Lexington officials not to deduct the $30.89 IPFF from his inmate account; and that FMC-Lexington officials improperly deducted the funds from his account and paid them to the Court over his objection.

Contrary to Lee's argument, he did not have the "option" of objecting to FMC-Lexington officials deducting funds from his inmate account and remitting them to the Clerk of the Court toward payment of the filing fee assessed in the Payment Order. Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915(a), prisoners are no longer entitled to a waiver of fees and costs. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

The PLRA makes a prisoner responsible for the filing fee the moment he files a civil action or appeal, and by filing a complaint or notice of appeal, a prisoner waives not only any objection to the district court assessing the filing fee, but also any objection to prison officials withdrawing funds from his inmate account to pay his court fees and costs. *McGore*, 114 F.3d at 605.

As the Sixth Circuit has explained, "Payment of litigation expenses is part of the prisoner's responsibility. Once the complaint, affidavit of indigency, and trust account statement have been filed, **the district court must issue the fee assessment**. . . and conduct the screening procedure. . . ." *Id*. (Emphasis added).

Further, the Sixth Circuit has upheld the PLRA's fee provisions against a number of constitutional challenges. *See Davis v. United States*, 73 F. App'x 804, 806 (6th Cir. 2003); *Hampton v. Hobbs*, 106 F.3d 1281, 1284-88 (6th Cir. 1997) (holding that the PLRA's fee provisions do not violate the constitutional rights of access to the courts, freedom of expression, equal protection, procedural due process, substantive due process, or double jeopardy).

The "Notice of Payment Due for Filing Fee," attached to the Payment Order, directed Lee's custodian to ". . . deduct and pay an initial partial filing fee as directed in the Order." [R. 8-1, p.1]. Because Lee's custodian properly deducted the $30.89 IPFF and remitted it to the Clerk of the Court, pursuant to the PLRA and the Payment Order, Lee's motion for reconsideration will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Reginald Lee's motion for reconsideration [R. 13], of the Order entered on November 28, 2011, [R. 12], is **DENIED**.

This the 27th day of December, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge